## Logan et al., Plaintiffs in Error v. Mitchell.

Creditor's right of Subrogation: SURETY'S RIGHT TO RELEASE SECURITIES. A creditor who applies to be subrogated to the rights of sureties in securities held by them, must be content to take them as he finds them when he makes his application. If they were given by the debtor merely to indemnify the sureties, and without any view of securing the creditor, and they have in good faith released, discharged or otherwise impaired their value, before he has taken any steps to subject them to his claim, he cannot justly complain.

*Error to Hannibal Court of Common Pleas.*

The petition in this case set forth that the defendant, Gideon Mitchell, being largely indebted to the plaintiffs on promissory notes, on which the defendants, Joab Mitchell and Cary, were sureties, on the 26th day of January, 1874, executed to said Joab Mitchell and Cary a mortgage on certain lands in Marion county, by way of indemnifying them against any payments they might have to make on said notes. The petition showed that the notes were due and unpaid, and prayed that the plaintiffs might be substituted to all the rights of said Joab Mitchell and Cary in respect of said mortgage, that the lands described in it

might be sold, and the proceeds should be applied in payment of plaintiffs' claims.

Sarah and Caroline Basket and Mary Webb were made defendants, as parties to a second mortgage upon the same lands. They set up in their answer that defendant, Gideon Mitchell, had executed this mortgage to secure the amount of his several notes due to them severally; that when he executed the first mortgage Gideon Mitchell was and ever since has been insolvent and largely indebted, and the land conveyed in said mortgage was all that he held exempt from execution; that the notes held by defendants, Sarah and Caroline Basket and Mary Webb being due and unpaid, they were, on the 6th day of May, 1874, about to institute proceedings in bankruptcy to have said Gideon Mitchell adjudged a bankrupt, and said first mentioned mortgage set aside and adjudged null and void; that on said last mentioned day the said Cary and Joab Mitchell, in consideration of defendants, Sarah and Caroline Basket and Mary Webb, agreeing not to institute said bankruptcy proceedings, executed and delivered to them a written obligation, by which they covenanted and agreed that said Sarah and Caroline Basket and Mary Webb should share and participate with them, *pro rata*, according to their said several debts, and whereby said Cary and Joab Mitchell further assigned and transferred to them a *pro rata* share and proportion of the proceeds arising from the sale of the lands mentioned in said first mentioned mortgage under a foreclosure thereof, and whereby they further ordered and directed the sheriff of Marion county, or other persons in whose hands such proceeds might be, to pay these defendants severally out of such proceeds a *pro rata* share thereof, according to the respective debts of the defendants last spoken of, with those for which said Cary and Joab Mitchell were sureties; that these defendants kept their agreement and did not institute said bankruptcy proceedings, by which said first mortgage could have been set aside, and the time for commencing such

proceedings having long since passed, and their debts being unpaid, said Sarah and Caroline Basket and Mary Webb ask for judgment against said Gideon Mitchell, that the lands might be sold as prayed for by plaintiffs, and that they might be paid out of the proceeds of the land *pro rata* with plaintiffs.

To this answer plaintiffs demurred, substantially on the ground that the agreement set up in the separate answer of the defendants, made by them with said Cary and Mitchell, did not bind plaintiffs; that said Cary and Joab Mitchell had no right to make such agreement, and that defendants could claim nothing by reason of the same, and therefore were not entitled to share with plaintiffs in the proceeds arising from the sale of the land sought to be sold. The demurrer was overruled by the court. The plaintiffs stood upon the demurrer, and the answer was taken as confessed. The court rendered a final decree, ordering a distribution of the proceeds of the land, which, by agreement, under an interlocutory order had been previously sold. In the decree the court declared a substitution of the plaintiffs to all the rights of Cary and Joab Mitchell to and in the first mortgage, subject to the claim of Sarah and Caroline Basket and Mary Webb to participate *pro rata* with them according to the agreement with Cary and Joab Mitchell. The sum coming to plaintiffs under this decree was insufficient to pay their claims, and they appealed.

*Wilson & Anderson* for plaintiffs in error argued that the plaintiffs' interest vested in said property the moment the deed of mortgage was executed by said Gideon Mitchell to said Cary and Joab Mitchell, sureties; and that the agreement subsequently made between said sureties (Cary and Mitchell) and Sarah Basket, Caroline Basket and Mary Webb, by which they were to have a *pro rata* share with the plaintiffs in the proceeds of the mortgaged property, was void, and could not affect plaintiffs' interest

therein. The court below utterly disregarded the well-settled principle of law that a creditor is entitled to the benefit of all pledges and securities given to or in the hands of a surety for his indemnity, and this whether the surety is damnified or not, as it is a trust for the better security of the debt and attaches to it. 1 Story's Eq. (10 Ed.) §§ 499, 502, 558, 638; 2 Wash. on Real Prop. (3 Ed.) 199; *Moses v. Murgatroyd,* 1 Johns. Ch. 118; *Phillips v. Thompson,* 2 Johns. Ch. 418; *Curtis v. Tyler,* 9 Paige 432; *Besley v. Lawrence,* 11 Paige 581; *Vail v. Foster,* 4 Comstock 312; *Ten Eyck v. Holmes,* 3 Sandf. Ch. 428; *Moore v. Moberly,* 7 B. Mon. 299; *Eastman v. Foster,* 8 Met. 19; 9 Allen 175; 8 Ala. 866; *Haven v. Foley,* 18 Mo. 136.

*W. C. Foreman* for defendant in error argued that the mortgage made to the sureties was one of indemnity only, taken by them for their personal protection. The plaintiffs do not claim in their petition that it was made directly for their benefit, but seek as they could only do in equity under such a mortgage, to be substituted and subrogated to the rights therein of said sureties. It is freely conceded that the creditor may resort to any security which may be in the hands of the surety for his indemnity or protection as such, yet such security can only be reached through the surety, and only through such valid and subsisting rights therein as the surety may have at the time the creditor seeks to reach them by subrogation. It then follows that if the surety, who has availed himself of collateral securities or pledges, in good faith, surrenders, releases or discharges them before the creditor gives notice or takes steps, by equitable proceedings or otherwise, to subject them, such surrender, release or discharge will defeat the equity of the creditor. In other words, the trust in favor of the creditor does not attach upon the execution or delivery of the securities or pledges, but results to him upon the failure of the debtor or surety in paying the debt. *Thrall v. Spencer,* 16 Conn. 139; *Homer v. Savings*

*Bank,* 7 Conn. 478; *Rankin v. Wilsey,* 17 Iowa 463; *Osborn v. Noble,* 46 Miss. 449; *Buford v. Neely,* 2 Dev. Eq. (N. Car.) 481.

NAPTON, J.—The general rule in equity that a creditor is entitled to the benefit of the securities which his debtor's sureties have taken for their own indemnity, and may subject them to the payment of his debt, is conceded by both parties in this case. (1 Story Eq. § 638.) The question upon which the case turns, is whether the creditor must not be content to take the securities as he finds them, when he applies to be subrogated to the rights of the sureties. In other words, if his equity is derived through the sureties, and not independently of them, it would seem clear that he occupies no other position than they do, and if they have in good faith released, discharged or otherwise impaired their value before he has taken any steps to subject them to his claim, the creditor cannot justly complain. The sureties, it is true, cannot alter or impair his right, and if the securities are originally taken, not only to indemnify the sureties but to secure the creditor, any action of theirs would be powerless to affect him. But if the securities are merely to indemnify the sureties, and the creditor desires to be subrogated to them, it is clearly equitable that he should take them just as the sureties themselves hold them. (*Rankin v. Wilsey,* 17 Iowa 464.)

The answer in this case alleged a contract between the sureties and the defendants, by which the sureties agreed that defendants should have a *pro rata* share of the proceeds of the mortgaged property. This contract, founded upon a sufficient consideration, was binding on the sureties, and was made long before the plaintiffs instituted this suit in equity. The answer was demurred to, and the court overruled the demurrer. The plaintiffs stood on the demurrer and the court ordered the distribution in accordance with the facts stated in the answer,

which in our opinion, was correct. Judgment affirmed. The other judges concur.

AFFIRMED