TAYLOR v. TARR, et al., Plaintiffs in Error.

**Surety: SUBROGATION.** A surety on a note secured by a deed of trust, by his payment of the debt, acquires the right in equity to have the deed foreclosed to reimburse him for his outlay as such surety.

Error to Knox Circuit Court.—HON. B. E. TURNER, Judge.

AFFIRMED.

O. D. Jones for plaintiffs in error.

(1) The petition does not state facts sufficient to constitute a cause of action. Allen's Adm'r v. College, 41 Mo. 302; Turk v. Stahl, 53 Mo. 437; McCoy v. Farmer, 65 Mo. 244; Winevick v. Bender, 33 Mo. 81; McDonald v. Morgan, 33 Mo. 555. (2) The court erred in refusing to set aside the default against Pinckney Tarr, and in not dismissing plaintiff's petition at the close of his evidence. (3) The plaintiff has no standing in a court of equity. The deed of trust is extinct in his favor, the debt it being executed to secure having been paid before it became due. Atkinson v. Augert, 46 Mo. 515. The deed was only a security for the debt, and on its payment any title which may have passed even by default reinvested in the grantor. Peas v. Iron Co., 49 Mo. 124; Hancock v. Whybark, 66 Mo. 672. The deed of trust is also extinct as to plaintiff, the evidence show-

ing that he foreclosed the deed of trust, and caused suit to be brought for the land by the purchaser, who was his minor daughter. *Rice v. Bunce,* 49 Mo. 231. (4) The wife was entitled to a homestead. R. S., secs. 2689, 2693; *Casebolt v. Donaldson,* 67 Mo. 308. (5) A deed will not be reformed against a married woman. *Shroyer v. Nichol,* 55 Mo. 264. An equitable mortgage cannot be enforced against a married woman as to lands not her separate estate. *Whitely v. Stewart,* 63 Mo. 360. There can be no subrogation against the wife. *Wolf v. Walter,* 56 Mo. 292. When a creditor asks to be substituted to a security he must take it as he finds it. *Logan v. Mitchell,* 67 Mo. 542.

*McQuoid & Clancy* for defendant in error.

(1) Appellants complain that respondent paid off the note a few days before it was due, but do not pretend that any defence could have been made to its payment in law or equity. As soon as the surety has paid a debt an equity arises in his favor to have all the securities, original and collateral, which the creditor held against the person or property of the principal debtor, transferred to him. "In equity the mortgaged estate in such cases becomes its primary fund out of which the debt is to be paid." *Atkinson v. Stewart,* 46 Mo. 510; *Allison v. Sutherlin,* 50 Mo. 274; 1 Story's Eq., sec. 499 (10 Ed.). The surety will be subrogated to the place of the creditor, not only as against his principal, but his wife also, if she joined in the trust deed or mortgage. *Dearbon v. Taylor,* 18 N. H. 153; 2 Washburn on Real Property, 198, (3 Ed). (2) The equitable interest of the surety attaches at once upon the payment of the debt and the judgment of foreclosure relates back to that date. The claim of homestead was not filed until after this action had been commenced. (3) The court did not err in refusing to set aside the default of defendant, Pinckney Tarr. R. S., secs. 3514, 3557, 3675, 3676; *Matthews v. Cook,* 35 Mo.

286; *Campbell v. Garton*, 29 Mo. 343; *Palmer v. Russell*, 34 Mo. 476. The question of setting aside a default largely rests in the discretion of the trial court. *Kribben v. Eckelkamp*, 34 Mo. 480; *Jacob v. McLean*, 24 Mo. 40; *Griffin v. Veil*, 56 Mo. 310.

DEARMOND, C.—George Taylor brought his suit in equity to be subrogated to the rights of the payee of a promissory note, signed by him as surety for Pinckney Tarr, and secured by deed of trust of said Tarr and wife, the other defendant, conveying three hundred and twenty acres of land belonging to Pinckney Tarr, which note Taylor alleged he had paid as such surety; and he prayed for a foreclosure of such deed of trust, and the sale of said lands, and the payment out of the proceeds of such sale of the amount he had paid in lifting said note, with interest and costs. The suit was brought against Pinckney Tarr alone, and it was charged that said Pinckney was insolvent and plaintiff without remedy at law. Terressa Tarr, wife of Pinckney, on her own motion, was made a defendant and filed her answer. She denied the allegations of the petition, alleged that the said note was made March 4, 1878, to be due in one year. That she and her husband executed said deed of trust, that she signed and acknowledged the same under compulsion, and did not acknowledge the execution thereof, on examination, separate and apart from her husband, and was induced to sign and acknowledge the instrument by fraud and misrepresentation on the part of her husband and the justice who certified the acknowledgment. That the note and deed of trust were delivered at the same time, after the deed of trust was acknowledged on March 6, 1878, and that the note could not, therefore, fall due till March 10, 1879.

That on March 3, 1879, before the note was due, plaintiff voluntarily, and without the knowledge or request of either defendant, or her husband, paid said note, and that such payment extinguished such said note,

the debt, and destroyed the lien of the deed of trust on the said real estate. That as to eighty acres of said real estate (describing it), she in said deed of trust excepted from relinquishment her dower interest therein. That plaintiff, after paying off said note, caused said real estate to be sold by the trustee named in said deed of trust, and bid in the same at such sale in the name of his infant daughter, Anna M. Taylor, to whom, although she paid nothing therefor, and had nothing to pay with, he caused a trustee's deed to said real estate to be made. That plaintiff caused suit in ejectment for said real estate to be brought against said Pinckney Tarr, in the name of his said infant daughter, by himself as her next friend, and in said suit had then just recovered judgment by default against said Pinckney (having fraudulently dismissed as to her, said Terressa), for the possession of said lands. That said Pinckney Tarr, in January, 1879, abandoned her and their children, and had ever since absented himself, and was then a resident of the state of California, and she never expected to live with said Pinckney again, and was entitled to a divorce. That in November, 1880, she duly made, signed, and acknowledged, and had recorded in the recorder's office in said county, her claim of homestead, under the statute, in and to a certain one hundred and sixty acres of said real estate (describing it), as the abandoned wife of said Pinckney. That she was occupying and using said one hundred and sixty acres with her children, two of them minors, as a homestead, and that the same had been used and occupied as a homestead long before said deed of trust was made, and had been so occupied and used ever since then. She prayed for the assignment and setting off of her homestead, the cancellation of said deed of trust, and for relief generally.

Pinckney Tarr, at the trial term, appeared by agent and attorney, and moved to set aside the interlocutory judgment by default, previously entered against him,

represented that he was a non-resident of the state, and had no notice of the suit till since the return term. That he was brought in by service by copies of summons, etc., left at his late place of abode on said real estate, after he had acquired a residence in California; he tendered his answer, which was not materially different from that of his wife. The court refused to set aside the default and permit the answer to be filed. This is complained of as error. It may be remarked, since much stress is put upon it in the argument, that Mrs. Tarr in her answer complained that the only service made upon her husband was by leaving copies at his late residence with members of her family, long after he had absconded and no longer had a residence there; and that plaintiff and the sheriff were well aware of such facts. The reply was a general denial. In the answer of Mrs. Tarr and in that of Pinckney tendered, it was alleged that the sale by the trustee to Anna M. Taylor, was on insufficient notice, and for that reason, among others, no title passed; and all parties at the trial seem to have so treated the matter. Pinckney Tarr's answer alleged that plaintiff had sold one hundred and twenty acres of the said real estate to parties to said Pinckney unknown, and had realized therefor large sums of money, for which he refused to account. The evidence discloses nothing as to any such sale or receipt of purchase money by plaintiff. The evidence showed the three hundred and twenty acres to be worth about three thousand dollars, and tended to prove the facts alleged in petition and answer.

This is the finding of the court, followed by a decree of foreclosure, with judgment over against Pinckney Tarr : "Now, at this day, comes the plaintiff in person and by attorney, and Terressa Tarr in person and by attorney. But the defendant, Pinckney, although duly served with process, as required by law and although having appeared at this term of the court, in this cause, and moved to set aside the judgment by

default, heretofore rendered against him doth again and still make default, and thereupon, all and singular, the matters being submitted to the court and by the court seen and heard, the court doth find that the said defendant, Pinckney Tarr, on the fourth day of March, 1878, made, executed, and delivered to Linville and Wilson his certain promissory note, with plaintiff as security, whereby they promised to pay to said parties the sum of $2,018.83, one year after date, with interest at the rate of ten per cent. per annum, compounded annually, and on said day, defendant, for the purpose of securing the payment of said note, made, executed and delivered to said Linville and Wilson their said deed of trust, by which they conveyed to C. B. Linville as trustee, the lands described in the petition. That said deed was given on condition, if defendant, or any one for him, should pay said note and discharge the debt and interest expressed in the same, when it became due according to the terms, date, and effect thereof, then the deed should be null and void, otherwise it should remain in full force and effect. That defendant failed to comply with the terms and conditions thereof, and refused to pay the same. That in making and delivering said note, plaintiff signed it as security for defendant, and the consideration was money borrowed and received by defendant. That plaintiff, being liable on said note, paid it; that defendant is wholly insolvent. That by reason of defendant signing said note as security, and the payment thereof, said note and deed of trust in equity became assigned to plaintiff, and he thereby became entitled to be subrogated to all the rights of the said Linville and Wilson, under said deed of trust before payment, and is entitled to have the same foreclosed, charging the same land with the lien for plaintiff's use and benefit. The court further finds that defendant is indebted to plaintiff on account of said note and deed in the sum of $2,754.05. The court further finds that defendant, Terressa, is the wife of defendant,

Pinckney, that her claim of homestead was filed long after making the deed of trust; that she has no interest in said land that entitles her to any defence in this action."

Motions for a new trial and in arrest were filed in due time. Pinckney Tarr filed, fifteen days after final judgment, a motion to set aside that judgment, and the interlocutory one preceding it. Terressa, after being dispossessed, under a writ issued on the judgment against Pinckney, in the ejectment suit, filed fifteen days after judgment in this suit, her motion asking that the decree be modified and the growing crop be given to her, for the appointment of a receiver, etc. None of the motions were sustained. The case is here by writ of error.

A great many alleged errors are complained of, and a vast number of decisions are cited in the brief of the earnest and persevering counsel of the plaintiffs in error. In my view, however, one question decides the case: Did Taylor, by paying the note on which he was Pinckney Tarr's security, acquire the right in equity to have the deed of trust, made to secure the payment of that note, foreclosed to reimburse him for his outlay as such security? I have no doubt that he acquired such right, and that the court properly enforced it. *Atkinson v. Stewart*, 46 Mo. 510; *Wolff v. Walter*, 56 Mo. 292; *Hall v. Morgan*, 79 Mo. 47; *Orrick v. Durham*, 79 Mo. 174.

The judgment should be affirmed. All concur