Thomas F. Stone, Administrator of Rufus Maget, Appellant, v. Martha J. Furber et. al., Respondents.

### Kansas City Court of Appeals, June 14, 1886.

Equity—Creditor's Right to Securities Given to Debtor's Sureties —Case Adjudged.—While the rule is, that, in equity, a creditor is entitled to the benefit of the securities which his debtor's sureties have taken for their own indemnity, and may subject them to the payment of his debt, yet, "his equity is derived *through* the sureties, and not independently of them." And it is "clear that he occupies no other position than they do, and if they have, in good faith, released, discharged, or otherwise impaired their value, *before he has taken any steps* to subject them to his claim, the creditor cannot justly complain." *Logan v. Mitchell*, 67 Mo. 524. *In this case*, the release had been made *before* plaintiff undertook to subject the property to his claim, and he was too late. And even if released fraudulently by the surety, an innocent purchaser not participating in the fraud, he could not be affected by it.

Appeal from Platte Circuit Court, Hon. Geo. W. Dunn, Judge.

*Affirmed.*

Statement of case by the court.

This action is explained by the terms of the following petition :

"Plaintiff states that Rufus Maget died in Platte county, Missouri, on the ———— day of ————, 1884 ; and on the ———— day of July, 1884, plaintiff was appointed his administrator by the probate court of Platte county, Missouri, and duly qualified as such by giving bond, etc., as required by law.

"That among the assets of said estate, inventoried to plaintiff as such administrator, was a note of defendants D. K. Furber and to M. J. Furber, for one thousand and eighty dollars, due said estate, dated November 20, 1883,

and due in twelve months from date, bearing eight per cent. interest from date.

"That on the twenty-third day of December, 1884, said D. K. Furber made, executed, and delivered his certain chattel mortgage, M. J. Fuber, recorded on the same day in the office of the recorder of deeds of Platte county, in chattel mortgage book number sixteen, page four hundred and fifty-seven (a copy of which mortgage is herewith filed), by which he conveyed to said M. J. Furber, among other property, eleven calves and one two year old heifer, for the purpose of securing her as his security on said note, and empowering her, in case of the default of the payment of said note, to sell said above described property at public auction and apply the proceeds to the payment of said note.

"That said note is past due, and plaintiff, at the March term, 1885, of the Platte circuit court, obtained judgment thereon, against said D. K. Furber and Martha J. Furber for the sum of one hundred and ninety-five dollars and costs of suit.

"That said defendants D. K. Furber and M. J. Furber have wrongfully and fraudulently disposed of said property, above described, to the defendant Haden L. Leavel, in payment of a debt due said Leavel by them, and that no part of the proceeds of said property has been applied to the payment of said note or judgment, and that the said M. J. Furber, on the fourth day of April, 1885, illegally and fraudulently entered satisfaction of said mortgage as to said property.

"That D. K. Furber is insolvent.

"Plaintiff prays the court to render a decree herein, subrogating him to all the rights and powers of the said M. J. Furber, as the mortgagee in said mortgage, to declare the said M. J. Furber a trustee therein as to the property for the use and benefit of plaintiff, to declare the disposal of said property to said Leavel and the satisfaction of the mortgage therefor as null and void, for the appointment of a receiver to take charge of and sell

said property and apply the proceeds thereof to the payment of the judgment of plaintiff as above, and for all such other and further relief as to equity and good conscience may belong."

The answer was a general denial, and the cause was tried on the following agreed statement of facts, which applied, also, to the suit of *Leavel v. R. W. Pack Sheriff*, in replevin for the stock taken by Pack, sheriff, under execution issued on the judgment of *Stone, Adm'r, v. M. J. and D. K. Furber*, both of which cases were tried together :

"On October 14, 1884, D. K., W. A. and M. J. Furber executed and delivered their promissory note to Leavel and Bryant for the sum of $44.80, due one day after date ; that, on September 5, 1883, the same parties executed and delivered their promissory note to Leavel and Bryant for the sum of one hundred fifty dollars, due one day after date ; that both notes bore ten per cent. interest from date; that, on or about the first day of January, 1885, Leavel and Bryant dissolved the partnership existing between them, and Bryant assigned his interest in the notes to Leavel, the plaintiff ; that, on the twenty-third day of March, 1885, Leavel purchased, in good faith, of D. K. and W. A. Furber, the stock in controversy for the sum of two hundred and thirty dollars ; that the principal and interest in said notes amounted to two hundred and twenty-one dollars ; that the consideration paid by Leavel for said mortgage stock was the two notes at interest, turned over to the Furbers, and nine dollars in cash, making two hundred and thirty dollars ; that said sum was a fair consideration for said stock ; that the possession of said stock was immediately delivered to Leavel ; that M. J. Furber held a mortgage on said stock at the date of the Leavel purchase, and said purchase was with the consent of said M. J. Furber ; that Thomas F. Stone is the administrator of Rufus Maget, deceased ; that, on November 20, 1883, D. K. Furber executed and delivered to said Maget his promis-

sory note for $1,080.00, ten per cent. interest, due in twelve months; that M. J. Furber was surety on said note ; that said note was inventoried and turned over to said administrator ; that, on December 23, 1884, D. K. Furber made a chattel mortgage, conveying to M. J. Furber the stock in controversy, to indemnify her as security on said note to Maget ; that Leavel knew of the mortgage, but never saw it, or knew what it was given for ; that, on or about the twenty-third day of March, 1885, judgment was obtained in the Platte county circuit court on said note for $1,195.00; that D. K., W. A., and M. J. Furber disposed of said mortgaged property to Leavel, in payment of the debts due by all three of the Furbers in the manner before stated ; that all of said Furbers were insolvent ; that M. J. Furber fraudulently entered satisfaction of the said mortgage, but Leavel was no party to that fraud ; he purchased said stock in good faith, for the purpose of collecting honest debts the three Furbers owed him, amounting to two hundred and twenty-one dollars ; that, in the month of April or May, 1885, an execution was issued on the Maget judgment, and placed in the hands of Richard W. Pack, sheriff of Platte county, Missouri ; that, by authority of said execution, he levied upon said stock and took the same out of the possession of said Leavel ; that, within four or five days after said levy, Leavel, the plaintiff, instituted this suit of replevin, executed a delivery bond, and the coroner, by virtue of said writ of replevin, took said stock from the possession of Pack, the defendant, and turned the same over to Leavel, the plaintiff. All the foregoing was in Platte county, Missouri.

"It is, also, agreed that the foregoing are the facts in the case of *Thomas F. Stone, Adm'r v. Martha J. Furber, D. K. Furber, and Haden L. Leavel,* now pending in this court, and that the two cases are to be tried together on this agreed state of facts."

Upon which agreed state of facts, the court found

for defendants Furbers and Leavel, to which the plaintiff at the time excepted.

Jas. W. Coburn for the appellants.

I.   It is well settled that securities taken by sureties for their indemnity, inure to the benefit of the creditor, and he may resort to them for satisfaction of his debt. *Thornton v. Bank*, 71 Mo. 222 ; *Logan v. Mitchell*, 67 Mo. 524 ; *Burnside v. Fetzner*, 63 Mo. 106 ; Jones' Chat. Mort., sects. 448–460–512 ; Jones' Mort. Real Prop., sect. 874.   Equity will regard such security, so given, as a trust created for the payment of the debt, and will see that it is applied for that purpose, by subrogating, if necessary, the creditor to its benefit.   *Thornton v. Bank*, 71 Mo. 222 ; Sheldon on Subrogation, sect. 163–166 ; *Breedlove v. Stump*, 3 Yerger (Tenn.) 257.

II.   The trustee, in exercising his duties, is a trustee for both parties, and is bound to act in good faith, and adopt all reasonable modes of proceeding, in order to render the sale most beneficial to the debtor.   *Stoffel v. Schroeder*, 62 Mo. 147 ; *Tatum v. Holliday*, 59 Mo. 422. He is not justified in releasing any security or right pertaining to a matter committed to his charge, unless it will be clearly to the advantage of the *cestui que trust*, or the trust estate.   *Sherwood v. Saxton*, 63 Mo. 78. He holds the estate for the benefit of the *cestui que trust ;* and no act of his can prejudice the beneficiary ; and if he aliens, and the alienees have notice of the trust, equity will enforce it against him.   *Goode v. Comfort*, 39 Mo. 213 ; *Carter v. Abshire*, 48 Mo. 300 ; *Chesley v. Chesley*, 49 Mo. 540.

III.   The surety cannot, himself, discharge the trust or relieve the property from the burden to the *prejudice* of the creditor ; he may *obtain* security for the creditor, but he cannot discharge it.   Sheldon on Subrogation, sects. 155, 163.

IV.   The securities are particularly available by the

creditor in the case of the insolvency of the debtor. Sheldon on Subrogation, sects. 160, 162.

V. The effect of such a mortgage is, in equity, to pledge the property to the surety for the payment of the mortgage debt; and the pledge is not redeemed, nor the equitable lien discharged, until the debt is actually paid. Sheldon on Subrogation, sect. 159; *Hastnam v. Foster*, 3 Metc. (Mass.) 19.

WOODSON & WOODSON, and S. C. WOODSON, for the respondent Leavel.

I. The creditor who applies to be subrogated to the rights of sureties in securities held by them, must be content to take the securities as he finds them, when he makes his application for that purpose. If the securities were given by the debtor merely to indemnify the sureties, and without any view of securing the creditor; and they (the sureties) have released, discharged, or otherwise impaired their value, before the creditors have taken steps to subject them to the payment of their claims, they cannot complain. *Logan v. Mitchell*, 67 Mo. 524; *Thrall v. Spencer*, 16 Conn. 139; *Rankin v. Wesley*, 17 Iowa, 454; *Homer v. Savings Bank*, 7 Conn. 478; *Osborne v. Knowles*, 46 Miss. 449; *Buford v. Neeley*, 2 Devereux Eq. (N. C.) 481.

II. Even a trustee of an express trust can convey the trust property, and the purchaser will acquire a good title, however fraudulent the intent of the trustee is, provided the purchaser is in no wise connected with that fraud.

III. The right to have the property subjected to the payment of the claim was lost by not being asserted in time.

ELLISON, J.—This action was tried on agreed facts, set forth in the statement of the case. While the rule is, that in equity, a creditor is entitled to the benefit of the securities which his debtor's sureties have

taken for their own indemnity, and may subject them to the payment of his debt, yet, "his equity is derived through the sureties, and not independently of them." And it is ".clear that he occupies no other position than they do, and if they have, in good faith, released, discharged, or otherwise impaired their value, before he has taken any steps to subject them to his claim, the creditor cannot justly complain." *Logan v. Mitchell,* 67 Mo. 524. In the case before us, the release of the \mortgage had been made by the mortgagee surety, before the plaintiff undertook to subject the property to his claim, and, under the above view, he was too late.

It is true the agreed statement sets forth that the surety released the mortgaged property fraudulently, and though the authorities, in speaking of this subject, generally use the expression *bona fide,* when referring to the act of the surety in discharging the securities he may have, still, if there intervenes an innocent purchaser, not participating in bad faith of the surety, I cannot understand how he could be affected by the fraud of the surety. The authorities cited for plaintiff do not meet the facts of this case.

The judgment is affirmed. All concur.