## HENRY C. SMITH v. CHAUNCEY MOORE.

### [IN CHANCERY.]

*Legacies.   When a legacy carries interest.*

A legacy to be paid at a future day, does not carry interest till due, and this rule applies to *infants* as well as *adults.*

The case of a parent and child is an exception to the general rule, upon the ground that it must have been the intention of the parent, to have the interest paid as a means of support of the infant from time to time, where the will made no other provision for it.

This exception does not extend to grand-children.   *Query,* whether it would not, if it appeared that the grand-children were dependent upon the grand-parent for support, and needed the interest for that purpose.

APPEAL from the Court of Chancery.   The orator alledged in the bill, that Chauncey Moore, late of New Haven, in the county of Addison, and the State of Vermont, who died on or about the 12th day of July, 1837, was the grand-father of the orator, and that Parmelia Smith, the mother of the orator, was the daughter of said Chauncey Moore deceased.

That on or about the 7th day of April, 1836, the said Chauncey Moore made, executed and published his last will and testament in

due form of law, and therein and thereby did give and bequeath to the orator, and his brother Chauncey M. Smith, both being the children of said Parmelia, and grand-children of the testator, the sum of four hundred dollars, it being two hundred dollars for each of said grand-children in the manner specified in said will as follows : " I have heretofore given my late daughter Parmelia " Smith, now deceased, and late wife of Doct. Orrin Smith, three " hundred dollars ; and in addition to said three hundred dollars " which I have given to my said daughter Parmelia aforesaid, I " give, grant and bequeath to the two children of the said Parme- " lia, to wit: Henry C. Smith, and Chauncey M. Smith, both my " grand-children, the sum of four hundred dollars, it being two " hundred dollars for each of said grand-children, to be paid to the " said Henry C. Smith, and Chauncey M. Smith, out of my estate " by my said executor, on their, the said children, coming to the " age of twenty-one years. In case one of said children should die " before he arrives to the age of twenty-one years, then and in " that case the said four hundred dollars is to be paid to the re- " maining child : and in case both of said children should die before " they arrive to the age of twenty-one years, then and in that case, " the said four hundred dollars is to be paid and divided equally " between my son Chauncey Moore, Jr., and my daughter Minerva " Moore."

That said will was executed duly and with all the formalities of law, and that said testator died in the month of July, 1837, at New Haven aforesaid, leaving the said will and testament in force, unrevoked or altered, as his last will and testament.

That at the time of the death of the said testator he owned and was possessed of a large estate, both real and personal, and more than sufficient to pay all the debts of the testator and defray all the expenses of settling said estate, and the administration thereof, and pay all the legacies in said will; and that after deducting or setting aside, at the death of the testator, a sum sufficient for all the above purposes, there was a residue of said estate left by said will to each of the residuary legatees, therein named, larger in amount than by said will was given to any of the other children or the representatives of any of them, including all advancements or gifts made to them severally in the lifetime of the testator ; and that the amount of two thousand dollars under and by virtue of

the devise in said will, was left to and secured by the said Chauncey Moore, Jr., defendant in this suit.

That the testator died leaving a widow Eleanor Moore, and certain grand-children of Mark Moore, before that time deceased; and leaving also then living the said grand-children, Henry C. Smith and Chauncey M. Smith, the children of his, the testator's, said daughter Parmelia (then deceased) by Orrin Smith, her husband; and that the sums named in the will, were advanced by the testator in his lifetime to Mark Moore, Chauncey Moore, Jr., and Minerva Moore, toward their portions of said estate.

That said Chauncey Moore, Jr., immediately after the death of the testator, accepted the trust as executor, to which office or trust he was appointed by said will, and that he presented said will for allowance to the Probate Court for the District of New Haven, and that the same was duly proved, allowed and recorded in and by said Probate Court, on the first Monday of September, 1837, and that he then and there accepted and took upon himself the trust and duties of executor under said will; and that the estate has been fully settled in the Probate Court, within one year after the probate of said will, to wit: on the first Monday of September, 1838, except the payment of the legacy to the orator and said Chauncey M. Smith, which remains unpaid, both principal and interest.

And further, that at the time of the death of the testator, the said Chauncey M. Smith and the orator were minors, under the age of twenty-one years, to wit: said Chauncey M. was of the age of seven, and the orator of the age of nine years, that said Chauncey M. died while a minor, and before he arrived at the age of twenty-one years, leaving the orator entitled to the whole of said legacy of four hundred dollars and the interest thereon from the death of the testator or probate of the will; that said Chauncey Moore, Jr., has had the use of the real estate and personal property, except so much as was devised to the widow, and sufficient to pay the debts of the testator and the legacies in said will.

That some years after the decease of the testator, said Chauncey Moore, Jr., sold said real estate, and received therefor a large amount, more than sufficient to pay all the expenses of settling said estate, and the debts thereof, and the legacies in said will, and has had the use of said legacy of four hundred dollars, given to

the orator and his brother Chauncey M., and received large sums of interest thereon, which legacy was given by the testator to the orator and his said brother for their maintenance and support, on account of their relation to the testator as his grand-children, their said mother being deceased before the execution of said will, and the said Orrin Smith, their father, being poor and unable to assist them. That no part of said legacy has been paid to the orator or his said brother, either principal or interest, and that both principal and interest from the death of the testator, the orator claims.

That the orator, after he became twenty-one years of age, in the month of December, 1850, at New Haven, applied for, and specially requested the payment of said legacy and interest, and demanded the same of the said Chauncey Moore, Jr., who then and there refused and has hitherto refused to pay the same.

Prayer—that defendant may be decreed to pay said legacy to the orator, with interest from the death of the testator, &c.

The defendant, Chauncey Moore, appeared and answered, admitting that the testator, father of the defendant, and grand-father of the orator, did die on the 12th day of July, 1837, leaving a will as set forth in complainant's bill; that the orator is the son of Parmelia Smith, who was daughter of the testator, and that the said Henry C., the orator, as the defendant believes and is informed, was born on the 19th day of September, 1829, and was therefore twenty-one years old on the 19th day of September, 1850.

And the defendant answers and says, that said Chauncey M. Smith was some four or five years younger than said orator, and that he died about 1841 or 1842, was five or six years old when he died as the defendant believes. That he, defendant was duly appointed executor of said will by the Probate Court, and that he was the executor named in said will; that he gave the necessary bond, and administered upon said estate, and settled with the Probate Court in about fourteen months after the decease of the testator; that the testator died seized of about eighty-eight and one-half acres of land, which he occupied in his life-time, and that said real estate was appraised at $2145 00, and the personal estate was appraised at about $1372 00: that the estate was owing about or a little more than $400 00, and that it took all the money and money demands and stock belonging to the estate, except three cows, to pay the debts against the estate and funeral charges: that one of

the cows was set to the widow, one to said Minerva, and one to defendant; that there was a balance of personal property consisting of household furniture, which was old and worn, and farming utensils, and other things, which by the appraisal were called about $972 32, left after paying the debts; that defendant does not believe that the whole of the property so left was worth over $600 00 in cash: that the commissioners to set out the widow's dower appraised the real estate at $2145 00, and set twenty-nine acres to her at $725 00, and one-third of the personal property, which they called $324 10; the defendant and said Minerva had the remaining two-thirds of said personal property, amounting to, as they called it, $648 22, and that defendant would then have taken $200 00 for his share, and thinks it was not worth more in cash.

That defendant purchased the right of said Minerva to the real estate of the testator, except her right to the reversion of the widow's dower. That the defendant's share of the personal property and real estate is about $647 61, and that about four years ago he purchased the widow's right of dower for $42 56 a year during her natural life, and in fact that it was immaterial what defendant agreed to give her, as he is her only child now living, and would take care of and support her so long as he had anything to do it with: that about five years ago he sold said real estate for $23 50 per acre, excepting one-half of the widow's dower belonging to the children of the said Minerva, she having deceased, and that he sold the same for all that it is worth: that most of the purchase money was on a credit of a number of years, and the last note is due in 1858.

And defendant further answers and says, that he has never had the four hundred dollars, so willed to said children, on hand and at interest, except when he offered to pay it to the orator on the 19th day of November, 1850, and then he borrowed the greater part of it and is paying interest on it, and has it on hand ready to pay, either for said children or himself, out of the said estate, nor has he made profits out of the testator's estate; but on the contrary has labored hard and been economical, in order to provide sufficient to pay the legacies of said will, and support the widow, his mother; that in fact he has made use of his own money and means, separate and apart from the proceeds of said estate, to pay the debts and settlement of said estate.

That defendant never understood or supposed that he was under obligation to pay interest on said four hundred dollar legacy, and that the testator expressly informed and told the defendant and others, soon after making his said will, that the payment of four hundred dollars to said children when twenty-one years of age, would be in full satisfaction of his said bequest to them.

That said Orrin Smith was a respectable physician and surgeon, in good practice, and supposed to be and was competent and of sufficient ability to maintain, support and educate his said children without assistance from the testator, and about the time of the decease of the testator was married to his second wife, who this defendant has been informed was worth about ten thousand dollars.

That the orator called on the defendant àt Bristol, on or about the 19th day of September, 1850, and informed the defendant that he, the orator, was twenty-one years old, and asked the defendant if he was prepared to pay the legacy in the will of the testator. Defendant informed the orator, that it was his impression that the orator would not be twenty-one years old until about two months from that time, and was not prepared at the time to pay it, but would raise the money and be prepared in about two months: that the defendant also informed the orator, and it was his impression, that the orator would only be entitled to two hundred dollars of said legacy at that time, and the remaining two hundred dollars at the time when his brother Chauncey M. would have been twenty-one years old if he had lived: that said orator replied that he was advised and thought from the expression of said will that he was entitled to the four hundred dollars when he, the orator, arrived at the age of twenty-one years; that he, the orator would be in Bristol in about two months from that time, and desired the defendant to be prepared to pay him the legacy, and defendant told the orator that he would be prepared at that time. That in about two months, and on the 19th day of November, 1850, the defendant believes, the orator called again at Bristol, and inquired whether the defendant was prepared to pay him the amount of said legacy, and the interest thereon from the time of the decease of the testator, and that defendant answered that he was prepared to pay him the legacy, that is the four hundred dollars and the interest on the same from the time the orator was twenty-one years old to that time, which was about two months, and that defendant offer-

ed and tendered to the said orator on the said 19th day of November, 1850, in the presence of Hon. Harvey Munsill and others, the full amount of said legacy and the lawful interest on the same from the 19th day of September to the 19th day of November, 1850, and that the defendant has ever since kept the said tender on hand and ready at all times and is now ready to pay the same to the orator, or to any one by him lawfully authorized to receive the same. And that said Henry C., the orator, wholly refused to receive or take the same, and ever since has refused and still does refuse to receive and take the same; but claimed and demanded the said four hundred dollars and the interest thereon from the day of the death of the testator.

The following facts are agreed to, as proved by the parties: that the real estate was a farm improved and in a good state of cultivation and productive at the time of testator's decease and ever since. That the notes taken by defendant, for the real estate when he sold it, were on interest from their date. That Chauncey M. Smith died February 25th, 1840, and that the orator was born September 19th 1829, and Chauncey M. Smith was born in 1834.

That the tender set up in the answer was as follows: On the day or day after the orator became of age, he demanded the legacy and interest of the defendant, who declined then to pay the orator only $200, claiming that the orator could not claim the $200 willed to Chauncey Moore Smith until said Chauncey M. Smith would be 21 years old had he lived. And the defendant claimed that he did not then know or suppose the orator was 21 years old; and it was agreed between the orator and the defendant that the orator would call in a short time, and the defendant would pay the orator said legacy; that about two months after this, and when stated in the answer, the orator again called on the defendant and demanded the legacy, when the defendant having ascertained that the orator was of age at the former demand, and the defendant having been advised that he was bound to pay to the orator, the whole legacy bequeathed to the orator and said Chauncey Moore Smith, on the orator's arriving at the age of twenty-one years. The orator demanded the said second time the whole legacy and the interest thereon from the death of the testator. The defendant refused to pay the interest on said legacy from the death of the testator, but the defendant did tender or offer to pay the orator $400 in good

current bank bills, and the interest on said $400 from the time of the first demand, when the orator was twenty-one years old, to and including the day of the last demand, it being about two months as stated in the answer; the orator said he made no objection to the tender on account of its being bank bills; but on account of the tender's not being enough in amount, the orator did not receive it, because the interest from the time of the death of the testator was not offered. The money was in the defendant's pocket-book, which he took out and showed, but did not count the money, nor did it pass out of the defendant's hands.

That neither the orator, Henry C. Smith, nor the said Chauncey Moore Smith ever made it their or either of their homes at the testator's in his life-time, or at the defendant's since the death of the testator, but that the orator occasionally visited the testator in his life-time, and stayed with him a few days at a time. That soon after the death of the testator, the orator and the orator's father and family moved into the County of Essex, and State of New York, where the father of the orator now lives, and where the said Chauncey M. Smith died: the orator did not live in his father's family, but a short time after his father moved into Essex County; but the orator went to live with a gentleman in said Essex County, with whom he has lived until he was of age.

The Chancellor decreed that defendant pay for the use of the orator $404 00 and the interest from the 24th day of December, 1852, to be paid on or before the 24th day of February, 1853, which shall be in full satisfaction for the legacy of $400 mentioned in the orator's bill. From this decree the orator appealed.

*Kasson & Edmunds*, for orator,

Insisted, that aside from the general question whether such a legacy to a grand-child carries interest, under the particular circumstances of this case, they were entitled to have it decreed to them; that all the cases agree that when the legatee takes by virtue of the limitation over, as in this case, then, whether a child or not, the legacy carries interest from the death of the testator or legatee, as a new substantive bequest. Toll. Exec. 325. *Crocket* v. *Dalley*, 3 Ves. 12. *Greenwell* v. *Greenwell*, 5 Ves. 194. *Ackley* v. *Wheeler et al.*, 1 P. W. 783. *Boycat* v. *Colton et al.*, 1 Atk. 639, (643.) *Laundy* v. *Williams*, 2 P. W. 479.

There is no escape from the cases, as to the share of Chauncey

M.; and we insist, that as the limitation clause groups the legacies in one entire sum, by the same rule the *whole* becomes a new bequest upon the event of the death of Chauncey.

2. When the grand-child's legacy stands as and for the share of the child, it would seem that he should be entitled to the same intendment as the child, and so entitled to interest, as in all cases where the legacy is in place of a *portion ;* here the legatee was one kin, and takes just her *share* or *portion. Hatch* v. *Perry,* 3 Atk. 103. *Ackely* v. *Vernon,* 1 P. W. 783.

*J. Pierpoint* and *H. Needham* for defendant.

When the testator has fixed a time for payment of a legacy, as for instance on a legatee's attaining a certain age, according to the general rule, it will not, although it be vested, carry interest until the arrival of that time. *Heath* v. *Perry,* 3 Atk. 101. *Tyrrell* v. *Tyrrell,* 4 Ves. 1.

It is also the general rule, that where legacies are given payable at a certain time, they carry interest from that time, if not paid. *Palmer* v. *Trevor,* 1 Vern. 261. But they do not carry any interest until that time, for interest is for delay of payment ; consequently till the day of payment comes, no interest is demandable. *Hearle* v. *Greenback,* 3 Atk. 716. *Lupton* v. *Lupton,* 2 Johns. Ch. Rep. 614. *Ingraham* v. *Postell,* 1 McCord, Ch. Rep. 94–98. And it is immaterial whether the legacy vests, before the time of payment or not ; a legacy, and not the time when it vests, governs the commencement of interest upon it, and the rule applies equally to a legacy given to an infant payable at twenty-one as to an adult. In *Heath* v. *Perry,* 3 Atk. 102, Lord Hardwick said, "if a legacy is given generally at marriage or at twenty-one, then the vesting and the time of payment are the same, and the legacy shall not vest or carry interest, till marriage or twenty-one. Where a legacy is actually vested, as if given to A. payable at twenty-one, yet it shall not carry interest unless something is said in the will that shows the testator's intention to give interest in the meantime."

The exceptions to the general rule are the case of a parent and child, and when from the special circumstances an intention to give interest clearly appears. *Tyrrell* v. *Tyrrell,* 4 Ves. 1. In *Heath* v. *Perry,* 3 Atk. 102, Lord Hardwick said, "let the testator give

the legacy how he will, either at twenty-one or marriage, or payable at twenty-one, or payable at marriage, and the child has no other provision, the court will give interest by way of maintenance, for they will not presume the father inofficious or so unnatural as to leave a child destitute; on this principle, maintenance was allowed when the principal and interest of a legacy to a child was vested, although interest was directed to accumulate till the legatee attained twenty-one. *Lupton* v. *Lupton,* 2 Johns. Ch. Rep. 614. *Hite* v. *Hite,* 2 Rand 409. But the rule goes no further than parent and child. *Mitchell* v. *Bower,* 3 Ves. 283.

Interest, by way of maintenance, upon a legacy to a grand-child or natural child, cannot be allowed, unless the testator has placed himself in *loco parentis. Perry* v. *Whitehead,* 6 Ves. 546. 1 Smith's Chancery Practice 333. See White & Tudor's Leading Cases in Equity, Vol. 2, Pt. 1, 364.

The opinion of the court was delivered by

BENNETT, J. The only question in this case relates to the interest on the legacy bequeathed to the two grand-children of the testator. The provision in the will gives them $400, to be paid to them; that is, $200 to each one of them, upon their becoming twenty-one years of age; and if one died before he became of age, then the whole sum was to be paid to the survivor; and if both died before that event, then the $400 was given to the other two children of the testator. C. M. Smith, one of the grand-children, died before he was twenty-one years of age; and the orator claims the legacy of $400 and the interest on it from the death of the testator in July, 1837.

C. M. Smith was born in 1834, and died in 1840. The orator, the day he became of age, or the next day, demanded payment of the $400, and the interest, which he claimed. This was refused; and one ground of the refusal was, that the $200 given to C. M. Smith, could not be claimed until he would have been of age, if he had lived. Soon after, the defendant tendered the $400 to the orator, and interest from the time he was twenty-one years of age, and this he refused. The Chancellor held, that as C. M. Smith died while a minor, the $400 was payable when the orator became of age; and this is the construction that the defendant put upon the will, when he made the tender, and the appellant has no

reason to complain of this construction. We think there is no claim for interest until the legacy was payable. The general rule is, that a legacy to be paid at a future day, does not carry interest till due; and the rule applies to *infants* as well as *adults;* and in those cases where a legacy is given to an infant, to be paid when he is of age, and it has been held to carry interest before it became due, it was treated as an exception, and only served to prove the general rule.

1 Peere Wms. 783. *Nichols* v. *Osborn,* 2 Peere Wms. 420. The case of a parent and child is an exception to the general rule ; and this, upon the ground that it must have been the intention of the parent to have the interest paid as a means of support of the infant from time to time, where the Will made no other provision for it. See *Tyrell* v. *Tyrell,* 4 Vesey 4 ; and it seems to be the current of the authorities, that this exception does not extend to grand-children, and especially if it does not appear that the grand-children were dependent upon the grand-parent for support, and needed the *interest* for that purpose. No such facts appear in this case. *Van Bramer* v. *Executors of Hoffman,* 2 Johnson's Cases, 200. *Lupton* v. *Lupton,* 2 John. Chan. 628. *Houghton* v. *Harrison,* 2 Atk. 329. *Perry* v. *Whitehead,* 6 Vesey 546.

The fact relied upon, that the real estate of the testator was productive, and that when sold, the notes were on interest from date, cannot change the general rule. It has no tendency to show that it was the *intent* of the testator that interest should be paid on this legacy, as an exception to the general rule.

The decree of the Chancellor is affirmed, with costs in this court.