·FIRST NATIONAL BANK, Respondent, v. JOHN DAVIS et al., Appellants.

Kansas City Court of Appeals, December 17, 1900, and March 4, 1901.

1. **Principal and Surety: INDEMNITY: CREDITOR'S SECURITY.** A surety indemnified by the principal is trustee for the creditor who can avail himself of such indemnity, since it is a security for the debt as well as protection to the surety; and the latter can not impair the creditor's rights thereto.

2. ———: ———: **EXTENSION OF TIME: CO-PRINCIPAL.** An indemnified surety is a co-principal and can not complain of the extension of time given to the principal debtor.

3. ———: ———: **CO-PRINCIPAL: ESTOPPEL.** Where a principal has indemnified his surety, he can not plead the failure of the surety to realize on the security and pay the debt, as such action can not defeat the creditor's rights.

Appeal from Nodaway Circuit Court.—*Hon. Gallatin Craig,* Judge.

AFFIRMED.

*P. L. Growney* for appellant.

(1) It is a well adjudicated rule of law that security taken by a surety on a note to indemnify himself from loss, is released when the surety is discharged from liability thereon; for the trust deed being given to protect the surety from loss, and as the protection has been obtained by his discharge, the conditions of the mortgage or trust deed are fulfilled. Sheldon on Subrogation (2 Ed.), secs. 139, 158; Citing Sumner v. Bachelder, 30 Me. 35; Logan v. Mitchell, 67 Mo. 524; Newsam v. Finch, 25 Barb. (N. Y.) 175; Yalverton v. Sheldon, 2 Sandf. Ch. (N. Y.) 481; Hunter v. Richardson, 1 Duv. (Ky.) 247; Stone v. Furber, 22 Mo. App. 498 loc. cit. 503, 504. (2) So if the contract, upon which the surety holds a mortgage or other security from the principal debtor, is for the personal benefit of the surety in contradistinction to the idea of creating security for the debt or of providing means for its payment, the creditor can claim no greater rights or remedies in the security than the surety himself enjoys, and the surety's right must be determined by the instrument which creates it. Sheldon on Sub. (2 Ed.), secs. 157, 160; Bush v. Stamps, 26 Miss. 463; Bibb v. Martin, 44 Sm. and M. (Miss.) 87; Lewis v. Sawyer, 34 Me. 332; Stuart v. McDougald, 35 Me. 398; Denny v. Lincoln, 5 Mass. 385; Bank v. Hill, 10 Pick. (Mass.) 129; Greenl. v. Ludington, 15 Wis. 558. (3) If the surety has not been damnified and the conditions of his contract of indemnity have not been broken, as the surety himself could have no remedy, so the creditor claiming under

him and in his stead can derive no benefit from the security. Sheldon on Sub. (2 Ed.), sec. 160; Walker in re Sheffield Banking Co. v. Blaytan, 1 Ch. D. (1892), 621; Printing Press v. Powell, 78 Tex. 53; Poole v. Doster, 59 Miss. 258; Osborn v. Noble, 46 Miss. 449. (4) To give the right of subrogation to the creditor, the relation of debtor and creditor must still subsist between the creditor and surety as well as between the creditor and principal. Sheldon on Sub., sec. 162; Constant v. Mateson, 22 Ill. 546; Tilford v. James, 7 B. Mon. (Ky.) 336; Foye in re, 16 N. B. R. 572; Sheldon on Sub., sec. 163; Constant v. Mateson, 22 Ill. 546; Railway v. Trimble, 51 Md. 99.

*C. A. Anthony* and *W. C. Ellison* for respondent.

(1) The deed of trust was executed to secure the payment of the debt and is valid and binding till the debt is paid, and whether the deed was executed directly to the plaintiff or to Patrick Davis to indemnify Patrick, is wholly immaterial, as the counter security is in equity a security for the payment of the principal, and by equitable subrogation becomes a security for the creditor. Moses v. Murgatroyd, I John's Chan. loc. cit. 119; s. c., 7 Am. Dec. 482; Haven v. Foley, 18 Mo. loc. cit. 139; s. c., 19 Mo. 632; Burnside v. Fetzner, 63 Mo. loc. cit. 111; Bank v. Leyser, 116 Mo. loc. cit. 76; Bank v. Guttschlick, 14 Peters loc. cit. 31, 32; 4 Kent Com. (13 Ed.), s. p. 307; 3 Pomeroy's Equi. (2 Ed.), sec. 1419; Brandt on Suretyship, sec. 283; Curtis v. Tyler, 9 Paige's Chan. 435, 436; Thornton v. Bank, 71 Mo. loc. cit. 231, 232; Tolle v. Boeckeler, 12 Mo. App. loc. cit. 63; note to Curtis v. Tyler (2 Ed.), p. 436; Paige's Chan. Waterman's notes citing, Ins. Co. v. Leydard, 8 Ala. Reps. 866; Vail v. Foster, 4 Comstock, 312, 314; 4 Kent 307; Pratt v. Allen, 7 Paige's Chan. loc. cit.

627; Vail & Vail v. Foster, 4 Com. 312; Bank v. Leyser, 116 Mo. 51; 3 Pomeroy Equi. (2 Ed.), sec. 1419; Russell v. Clark's Executors, 7 Cranch loc. cit. 97; King v. Harman's Heirs, 6 La. 607; s. c., 26 Am. Dec. 489, 490; Brandt on Suretyship (1 Ed.), sec. 282, p. 381; Bank v. Lee, 11 Conn. 112; s. c., 27 Am. Dec. 713; King v. Harman's Heirs, 6 La. 607; s. c., 26 Am. Dec. 485. (2) To give this deed of trust the construction assumed by the defendant's counsel would make it a mere idle ceremony. Hampton v. Phipps, 108 U. S. loc. cit. 264; Carter v. Foster, 145 Mo. 392; Ellis v. Harrison, 104 Mo. 279; Leiweke v. Jordan, 59 Mo. App. 624; citing Peckham v. Haddock, 36 Ill. 38; Calloway v. Henderson, 130 Mo. 77; McManus v. Shoe Co., 60 Mo. App. 216; Johnson Co. v. Wood, 84 Mo. 489; Bank v. Rasch (Mich.), 64 N. W. Rep. 339 loc. cit. 342. (3) Counsel for defendants assume that Patsy (Patrick) Davis was discharged by extension of time. This is not the fact. 2 V. (4 Am. Ed.), White and Tudor's Lead. Ca. in Equity, H. & W., Ns. 1910; Brandt on Suretyship (2 Ed.), sec. 345; 2 White & Tudor, p. 1910; 2 Brandt, Sure, (2 Ed.), sec. 346. (4) If the surety is fully indemnified by property of the principal placed in his hands or mortgaged to him for that purpose, he is not discharged from liability by an extension afterwards granted to the principal. 2 Brandt Sure., sec. 349; Smith v. Estate of Steele, 25 Ver. 427; s. c., 60 Am. Dec. 276; Chilton v. Robbins, 4 Ala. 223; s. c., 37 Am. Dec. 741; Stephenson v. Primrose, 8 Porter (Ala.), 155; s. c., 33 Am. Dec. loc. cit. 287; Moore v. Paine, 12 Wend. loc. cit. 126; Brandt on Sure. (1 Ed.), sec. 283; 3 Pomeroy, Equi. (2 Ed.,) sec. 1419; Tolle v. Boeckeler, 12 Mo. App. 73, 74; White & Tudor, loc. cit. Equi., pt. 1, 177; Bank v. Lee, 2 Conn. 112; s. c., 27 Am. Dec. 713; Moses v. Murgatroyd, 1 John's Chan. 119; s. c., 7 Am. Dec. 482; 3 Pom. Equi. (2 Ed.), sec. 1419, and n. p. 2191; Story's Equi. (12 Ed.), sec. 499; Vail

v. Foster, 4 Comstock 412; Burnside v. Fetzner, 63 Mo. 111; Tolle v. Boeckeler, 12 Mo. App. loc. cit. 63; Ins. Co. v. Leydard, 8 Ala. 866; 2 Brandt (2 Ed.), sec. 324; Demott v. Paper & Ware Co., 32 N. J. Equi. 131; Christian v. Newberry, 61 Mo. loc. cit. 451; Wiener v. Peacock, 31 Mo. App. loc. cit. 244; Lippold v. Held, 58 Mo. 213; 2 Lead. Cas. in Equi. White & Tudor (4 Am. Ed.), 177; Chilton & Price v. Robbins, 4 Ala. 223; s. c., 37 Am. Dec. 741; Smith v. Estate of Steele, 25 Vermont, 427; s. c., 60 Am. Dec. 276, 278; Stephenson v. Primrose & Porter (Ala.), 155; s. c., 33 Am. Dec. 286, 287; Brandt on Suretyship (2 Ed.), sec. 349; Stewart v. Brown, 112 Mo. 189; Butler v. Ladue, 12 Mich. 180; 2 Jones Mort. (2 Ed.), sec. 1188; Nichols v. Boswell, 103 Mo. 151; 2 Addison on Contracts (3 Am. Ed.), secs. 120, 221.

SMITH, P. J.—Defendants, John Davis as principal and Patrick Davis as surety, executed their promissory note to the plaintiff bank for $1,152, due twelve months after date. And contemporaneously with the execution of said note, the defendant John Davis, executed to his co-defendant and surety Patrick Davis, a deed of trust on his land to secure the latter "against any loss he may sustain by reason of his said suretyship." The value of the security so given was in excess of the amount of the debt. When the debt fell due, neither of the defendants were in condition to pay it. The time for payment was extended, but whether or not with the consent of the surety, the evidence is sharply in conflict. Both of the defendants, after the giving of the note and mortgage became insolvent.

The object of this suit was to recover judgment against the principal debtor on the said promissory note and to have said deed of trust declared a lien on the land therein described as of the date thereof, for the purpose of securing to the said

creditor the payment of the amount adjudged in said promissory note, to foreclose the equity of redemption of the surety and his wife, and that the same be sold clear of the right of the said surety under said deed of trust for the purpose of satisfying the said judgment, etc. The question here for decision is, whether or not the creditor can have recourse in equity to satisfy his debt to the mortgage security taken by the surety from the debtor for his indemnity.

The property of the principal debtor belongs to the creditor, which, under certain circumstances, the latter may subject in the hands of the surety to the satisfaction of his debt. The holder of such indemnity is a trustee for the creditor. Hampton v. Phipps, 108 U. S. 260; Leggett v. McClelland, 39 O. St. 624; McDougall v. Walling, 21 Wash. 478. If the debtor give his surety indemnity, the creditor may avail himself of it by subrogation, even though in the first instance it was unknown to him. Leggett v. McClelland, ante; Hopewell v. Bank, 10 Leigh. 206; McCullon v. Hinckley, 9 Vt. 143. The rule is well settled that, where a security is given by a principal to his surety, it operates *eo instanti* as a security to the creditor for the payment of his debt. The security so given is a trust fund and is regarded in equity as a trust fund for the payment of the debt. Tayor v. Bank, 87 Ky. 398. The security is for the debt as well as for the ultimate protection of the surety. It is, as has been stated, at once clothed with a trust character and the creditor immediately acquires a right and interest in it that can not be defeated by the surety; and as said in substance by Judge Napton in Logan v. Mitchell, 67 Mo. 524: The surety can not alter or impair the creditor's right, and if the security was originally taken, not only to indemnify the surety but to secure the creditor, any action of the former would be powerless to affect the latter. And in Bank v. Rich, supra, it is said that where a surety for the payment of a debt

receives security for his indemnity and to discharge such indebtedness, the principal creditor is in equity entitled to the full benefit of that security, and it makes no difference that such principal did not act upon the credit of such security in the first instance.

But suppose it to be true, as the debtor here contends, that the creditor did extend or enlarge the time of payment of the debt—did that have the effect to discharge the surety and withdraw the security from the operation of the trust in which it had been placed? Where a surety, as here, is fully indemnified in property, he is estopped to set up against the creditor the defense that the time of payment has been extended in favor of the principal without his consent, because such surety is the virtual principal and ought to be bound by every enlargement of the time of payment quite as much, or perhaps more than the principal debtor. A surety who has received an indemnity equal to the debt for which he is bound, and which he may, as here, convert into money, stands in about the same position as a surety who has received of the principal an amount in money. In such case the surety is a principal and can not be permitted to claim the privilege of a strict surety without indemnity. Brandt on Suretyship, sec. 349; McDougall v. Walling, ante; Smith v. Steele, 25 Vt. 427; Chitton v. Robbins, 4 Ala. 223; Moore v. Paine, 12 Wend. 123. And it is certainly clear that he can make no such defense while he holds on to the security. This is not a case where a stranger has chosen to bestow upon a surety a benefit and a preference from considerations personal in order to make good to him exclusively any loss to which he might be subjected in consequence of his suretyship for another. Of course, in such case the creditor could not, upon any ground of priority in interest, claim any share or interest in the benefit of such benevolence.

If the surety is, as we have stated, estopped to claim a

release on the ground that there has been an extension of the time of payment of the debt because in equity he occupies the attitude of a principal himself, it inevitably follows that his co-principal—the original debtor—can not be heard to claim any such release of his own property from the operation of the trust in which he had placed it to secure the payment of his own debt. He stands in the situation of one who has given a mortgage to secure his own debt and can not by any act of his deprive the mortgagee of the benefit of the mortgage security until the debt is paid. The status of the parties at the time the suit was commenced was the same that it was when the mortgage, or, which is the same thing, the deed of trust, was given. The extension of the time of payment did not alter or change the rights of the parties. The security was afterwards as before bound in equity for the payment of the creditor's debt. The surety, by neglecting to convert the security and pay the debt, can not thereby defeat the right of the creditor to have it subjected to the payment of his debt, for it was a security provided as well for him as for the surety. It seems to us that a bare statement of the facts in this case are sufficient to show that upon the principles of natural justice and equity the property of the debtor, which he placed in the hands of the trustee surety as an indemnity, ought to be subject in the hands of the trustee surety to the satisfaction of the debt of the creditor.

Accordingly, we think that the decree which was for the plaintiff in conformity to the prayer of his petition, to which allusion has been made, should be affirmed, and it is accordingly so ordered. All concur.