## DE DONATO, Appellant, v. MORRISON et al.

### Division One, March 12, 1901.

1. **Damages:** INSTRUCTION: ·NEW THEORY. It is not error to refuse an instruction which bases plaintiff's damages on a theory of negligence tendered by no issue in the case.

2. ————: JOINT TORTFEASERS: COMMUNITY OF DUTY: CONCERT OF ACTION. Plaintiff was a renter from month to month, of a store, and the owner of the adjoining lot notified him that he would begin at once excavations for a cellar and building, and that he would not be responsible for any damages to his goods caused by such excavations. The renter informed defendant landlords of such notice and they gave him notice to immediately vacate, and, the excavations having been begun, sent workmen to tear up the floor and shore up the walls. This made it necessary for the renter to move, and he afterwards sued for damages to his goods. At the trial the court told the jury that if the damage to plaintiff's goods was

De Donato v. Morrison.

wholly caused by dust and dirt from the taking down of the build-
ing on the adjoining lot, then defendant landlords are not liable
for such damage, and if the damage was in part so caused, then
they were not liable for that part. Plaintiff tenant complains of
this instruction on the theory that his landlords and the owner of
the adjoining lot were joint tortfeasors, and that each should be
held liable for all the damages caused by the act of either or both.
*Held,* that the doctrine is not applicable to this case, and the instruc-
tion was correct. Each of the parties were acting separately, and
the injury caused by each was separate, and they were not joint
tortfeasers. Between them there was neither community of duty
nor concert of action.

3.  ———: NO INJURY TO GOODS: LOSS OF PROFITS.  The jury in this
case gave plaintiff $100 for loss of profits caused by the interrup-
tion in his business in moving to another store, but gave him nothing
for injury to his goods. There was evidence that the injury to the
goods may have resulted from other causes than those laid in the
petition. *Held,* that the court is concluded by the verdict of the
jury, and will not hold that some damages ought also to have been
awarded for injury to the goods.

Appeal from St. Louis City Circuit Court.—*Hon. D. D.
Fisher,* Judge.

AFFIRMED.

*Clifford L. Mott* for appellant.

(1)  Where the injury complained of is the result of
the concurrent acts of two persons, each is jointly and sev-
erally liable for the whole.  Shearman & Redfield on Negli-
gence (5 Ed.), secs. 31, 39; Hunt v. Railroad, 14 Mo. App.
160; Bridge Co. v. Miller, 138 Ill. 477; Phosphate Co. v.
London, etc., Dock Co., L. R. 9 Chan. Div. 503; Banks v.
Railroad, 40 Mo. App. 458; Waller v. Railroad, 59 Mo. App.
410; Ring v City of Cohoes, 77 N. Y. 83; Benjamin v. Rail-
road, 133 Mo. 274.  (2) The burden of showing that the in-

De Donato v. Morrison.

tervening cause would have produced the ·injury, is upon defendant. Phosphate Co. v. London, etc., Dock Co., L. R. 9 Chan. Div. 503; Shearman & Redfield (5 Ed.), sec. 39. (3) In an action for injury to personal property when the damages assessed by the jury are manifestly inadequate, this court will grant a new trial. Watson v. Harmon, 85 Mo. 446; Leahy v. Davis, 121 Mo. 233; Mfg. Co. v. Smith, 9 Pick. 11; Bagby v. Lewis, 2 Monroe, 76; Chambers v. Collier, 4 Ga. 193; Nicholson v. Crouch, 72 Mo. 209. (4) The plaintiff is not bound to prove more than enough to raise a fair presumption of negligence on the part of defendant and resulting injury to himself. Having done this he is entitled to recover, and the burden to rebut this prima facie case is on defendant. Shearman & Redfield on Neg., sec. 58.

*Valle Reyburn* for respondents.

(1) Defendants can not be held liable for Carpenter's acts, for defendants acted independently of and separately from, Carpenter, and can not be made jointly liable for his acts, even though the injuries committed were all inflicted or sustained at one time, and are similar in character. 1 Shearman & Redfield, Negligence (5 Ed.), secs. 31, 39, 123; City of Independence v. Ott, 135 Mo. 301. (2) A landlord has an unquestionable right to re-enter demised premises for the purpose of making such repairs, or taking such action to protect same, as are indispensable to the preservation of the reversion, but in so doing must exercise reasonable care and skill, and cause as little injury to his tenants as possible. 11 Am. and Eng. Ency. of Law (2 Ed.), p. 477; 12 Am. and Eng. Ency. of Law, p. 725; Bonnecaze v. Beer, 37 La. 531. (3) A temporary re-entry by the landlord is not an eviction. 11 Am. and Eng. Ency. of Law (2 Ed.), p. 477;

2 Wood, Landlord & Tenant, p. 1095; McFadin v. Rippey, 8 Mo. 378. (4) The jury are the sole judges of the preponderance of the evidence and the credibility of the witnesses, and a verdict will not be disturbed by an appellate court where it is supported by substantial evidence, and where the finding of the jury is sustained by reasonable and fair inferences warranted by the evidence, nor unless the preponderance of evidence against the verdict is very strong.

BRACE, P. J.—In July, 1896, defendants were the owners of building No. 519, on Olive street, in the city of St. Louis. The plaintiff was their tenant from month to month, and James M. Carpenter was the owner of the premises, No. 517, adjoining the same on the east. On the eleventh day of that month the following notice was served on the plaintiff:

"St. Louis, Mo., July 11, 1896.

"F. De Donato, Esq., 519 Olive street, City.

"Dear Sir:—Please take notice that I am about to excavate for a new building on my lot in city block 117, adjoining on the east property which you rent from Mrs. Morrison and Mrs. Peugnet, and I hereby notify you to protect your walls, stock of goods and all persons in and about your premises from any damage that may accrue to you or them by reason of said excavation and building, as I will not be responsible for any damage done your walls, stock of goods, or to persons on your premises by reason of said excavation and building.    Yours, etc.,

"Jas. M. Carpenter."

And on the same day he served each of the defendants with a notice, of which the following is a copy:

"Dear Madam:—I am notified by Mr. Carpenter that the east wall of the store, No. 519 Olive street, rented from you, is over his line about three inches, and as there is no founda-

tion wall under said store, said wall may fall when he excavates his cellar, about twelve feet deep adjoining.   Should that occur, great damage will be done me, and I shall hold you responsible to me for every damage to my stock and business.

"F. De Donato,
"519 Olive street, City."

To which the defendants on the thirteenth day of July responded as follows:

"St. Louis, Mo., July 13, 1896.
"F. De Donato, Esq., No. 519 Olive street, City.

"Dear Sir:—Your note bearing date July 11, 1896, in which you say Mr. J. M. Carpenter, the owner of the property adjoining your store on the east, has notified you of the dangerous condition of walls between No. 517 and No. 519 Olive street.

"Therefore, please take notice that from the dangerous condition of the property occupied by you No. 519 Olive street, you are hereby notified to vacate (at once) and we will not be responsible for any loss or damage sustained by you or your employees by your failure to vacate at once.

"Yours,
"Adele S. Morrison,
By R. M. Noonan, Agt.
"Virginia S. Peugnet,
By R. M. Noonan, Agt."

As a result of this correspondence, the employees of the defendants, at the date last mentioned, entered upon the leased premises, and commenced shoring up the walls of the endangered building from the inside, and the defendant commenced moving his stock of goods from the building, and within the next five or six days both of these undertakings were consummated.   Afterwards on the sixteenth of September, 1896, this suit was instituted, the plaintiff in his petition charging:

"That on said day without cause, peremptorily and without notice to plaintiff, defendants evicted him and took possession of said store by placing therein many mechanics and laborers, who, under the direction of defendants, at once proceeded to tear up the floor and to move out of place plaintiff's trade fixtures, and defendants then and there, against the protest of plaintiff, rendered said store wholly unfit for occupancy, and compelled plaintiff to vacate the same immediately.

"That such action of defendants in so taking possession of said premises and wrecking the same, and in forcing plaintiff to vacate them, caused plaintiff's goods to be covered with dirt and dust and otherwise hurt and rendered less valuable and less salable; his business to be interrupted and his fixtures, tools and implements hurt and destroyed, all to his damage in the sum of five thousand dollars, for which he prays judgment."

The answer of defendants was a general denial; averments that plaintiff voluntarily abandoned the premises; and that if plaintiff sustained any damage as alleged it was the result of his own negligence. The answer also contains the further defense that the work was done by an independent contractor, but this defense was abandoned on the trial.

We have gone through all the record before us and fail to find any substantial error in the rulings of the court on the admission of evidence.

The case on the main issues was submitted to the jury on the following instructions which have been numbered anew in part, for the sake of convenience:

1. "The court instructs the jury that upon receipt of the notice from the plaintiff to the defendants, dated July 11, 1896, and read in evidence, defendants had a right to proceed in a reasonable and proper manner to protect the wall in question, being the east wall of building No. 519 Olive street, and

De Donato v. Morrison.

to occupy so much of said building, if any, as the evidence shows was reasonably necessary for that purpose. But before doing anything in said building that would be likely to injure plaintiff's stock of goods therein, without the consent of plaintiff, it was the duty of defendants to give plaintiff notice and such reasonable time to remove his stock of goods as the circumstances, as shown by the evidence, would reasonably admit of. If the jury believe from all the evidence, that defendants could under all the facts and circumstances given in evidence, reasonably have given such notice and time to plaintiff and failed to do so, and proceeded with the work of shoring up and protecting said wall from within the storeroom then occupied by plaintiff, without plaintiff's consent, in such a manner as to damage and injure plaintiff's said goods and fixtures, and which did injure and damage them, then your verdict should be for plaintiff on account of such injury and damage, in such a sum as you believe from the evidence to be equal to such injury and damage, as defined in another instruction given; provided, you further find from the evidence that plaintiff exercised reasonable care and diligence to protect his said goods from such damage.

2. "And if you further find and believe from the evidence that defendants proceeded to so occupy so much of said building and in such a way as to render the same untenantable for plaintiff to continue his business therein, and if you further find from the evidence that defendants could, under all the facts and circumstances as shown by the evidence, reasonably have given plaintiff notice and a reasonable time, before proceeding with the work of shoring up and protecting said wall, to procure another store, with reasonable effort, into which to remove his stock of goods and to have with due diligence removed them into the same, but that they, defendants, failed to do so; and if you further find from the evidence that imme-

diately after defendants began said work, plaintiff with reasonable diligence obtained another store in which to carry on his business and removed and set up his stock of goods therein with reasonable speed; then if you further find from the evidence that by reason of the suspension of plaintiff's business, if you find it was suspended, he lost net profits during that time, that is, from the time it became necessary for him to move until he had so moved and set up his stock of goods, that he would have earned, had his business not been so suspended, then plaintiff is entitled to recover such further sum on that account as you may find from the evidence such net profits would have amounted to during the time his business was so suspended; provided, always, that you find that defendants proceeded with said work of protecting and shoring up said wall without plaintiff's consent.

3. "The court instructs you that if you believe from the evidence that defendants could have shored up the east wall of the premises in controversy in a reasonably safe, expeditious and economical manner, without entering upon the premises of plaintiff, and without damaging his goods and fixtures and without obstructing his business, if you believe defendants did damage his goods and fixtures and obstruct his business, and if you believe defendants did not adopt said manner in shoring up said wall, then you will find for plaintiff, provided you believe from the evidence that the method adopted by defendants in shoring up said wall resulted in a direct and proximate damage to plaintiff's stock of goods and fixtures in said premises; and provided you believe from the evidence that plaintiff did not consent that defendants could shore up said floors and wall in the manner which you may believe from the evidence adopted by defendants in shoring up said floors and wall.

4. "The court instructs you that if you find in favor of plaintiff for damages to his goods and fixtures, you will award him such sum on that account as you may believe from the evidence that his stock of goods and fixtures have suffered by depreciation, if any, in their fair and reasonable market value, as a direct and proximate result of the acts of defendants in taking possession of the premises in controversy, and securing and shoring up the wall in question, and in rendering same unfit for use and habitation, if you believe from the evidence that defendants did take possession of the premises in controversy, and did render the same unfit for use and habitation.

5. "The court instructs the jury that if they believe from the evidence that after receiving the notice of defendants of date July 13, 1896, introduced by plaintiff in evidence, plaintiff made no further objection to defendants' workmen shoring up from within plaintiff's store, and said workmen then with the consent of plaintiff proceeded to shore up and protect said building with reasonable diligence and with reasonable care not to injure plaintiff's goods, then defendants are not liable to plaintiff for any injury sustained by him from the acts of said workmen.

6. "The court instructs the jury that if they believe the injuries complained of by plaintiff were caused in whole or in part by the dust and dirt from taking down the building on the adjoining lot owned by Carpenter, then defendants are not liable for the damage so caused.

7. "The court instructs the jury that although they believe from the evidence that the plaintiff was injured in his business or goods by the entry upon the leased premises of mechanics and workmen to protect and support said premises, yet, if they further believe from the evidence that on the thirteenth day of July, 1896, said leased premises were in immediate danger of injury or destruction, and that it was neces-

sary in order to protect the same to have said workmen and mechanics at once enter on said leased premises, and that said workmen and mechanics in performing said work exercised reasonable care and caution not to injure plaintiff's goods, and that said workmen and mechanics were reasonably competent to perform said work, then the defendants are not liable for the damages complained of and the jury must find a verdict for defendants herein.

8. "The court instructs the jury that if they believe from the evidence that the east wall of the building containing the store occupied by plaintiff Donato on the thirteenth day of July, 1896, was in immediate danger of falling by reason of the excavating of the adjoining lot and that it was reasonably necessary for the workmen employed by defendants to shore up and protect said building to enter at once in plaintiff's store for such purpose, and that said workmen performed their work of protecting and shoring up said building with reasonable diligence and with reasonable care not to injure plaintiff's goods, then defendants are not liable to plaintiff for any injury sustained by the acts of said workmen."

The verdict of the jury was as follows:

"We, the jury in the above entitled cause, find in favor of the plaintiff, and we assess his damages on account of injury and damage to his goods and fixtures, at the sum of $—.

"And we assess his damages for the loss of profits at the sum of $100.

"Making a total of $100.

"Foreman, Theo. Shelton."

From the judgment on the verdict the plaintiff appeals.

(1) Instructions numbered 1 and 2, were given by the court on its own motion. Number 3 was given at the request of the plaintiff, number 4 was a modification of an instruction asked for by the plaintiff, and numbers 5, 6, 7, and 8, were given at the request of the defendants.

The plaintiff complains of the refusal of the court to give his instruction numbered 1. But upon comparison of that instruction with number 1 given by the court on its own motion, we find that all the essential features of the former are embraced in the latter.

The plaintiff next complains of the refusal of the court to give his instruction numbered 3 as asked. While the whole ground of that instruction is not covered by instruction numbered 4, given by the court in modification thereof, yet it is completely covered by that modified instruction, and instruction numbered 2, given by the court on its own motion.

The plaintiff also complains of the refusal of the court to give its instruction numbered 5. But as that instruction postulates a theory of recovery on a failure to use proper methods and appliances in shoring up the walls, and there was no such issue tendered in the case, the court committed no error in refusing that instruction.

The only other question on the exceptions to the action of the court on the instructions, arises from the giving of instruction numbered 6 for the defendants, to the effect, that if the damage to plaintiff's goods was wholly caused by dust and dirt from the taking down of the Carpenter building, then the defendant is not liable for such damage, and if the damage was in part so caused, then the defendant is not liable for that part.

The plaintiff complains of this instruction on the theory that the defendants and Carpenter were joint tortfeasors, and that each should be held liable for all the damage caused by the act of either or both. But that doctrine is not applicable to this case.

In 1 Shearman and Redfield (5 Ed.), sections 122 and 123, it is said:

"If several persons are jointly bound to perform a duty, they are jointly and severally liable for omitting to perform, or for performing it negligently. Persons who co-operate in

an act directly causing injury are jointly and severally liable for its consequences, if they acted in concert, or united in causing a single injury, even though acting independently of each other. . . . . Persons who act separately, each causing a separate injury, can not be made jointly liable, even though the injuries thus committed are all inflicted at one time, and are precisely similar in character." And in Chipman v. Palmer, 77 N. Y. loc. cit. 54, it is said: "The fact that it is difficult to separate the injury done by each from the others, furnishes no reason for holding that one tort feasor should be liable for the acts of others with whom he is not acting in concert." In harmony with these principles is the case of City of Independence v. Ott, 135 Mo. 301.

The plaintiff's stock of goods may have been injured by dust and dirt falling on it at the same time from the operations of defendants' employees in shoring up their wall on their own premises, and from the operations of the employees of Carpenter in tearing down his own building. But each of these parties were acting separately, and the injury caused by each was separate. Between them there was neither community of duty nor concert of action, and each could be held liable only for the injury inflicted by him.

(2) It is next insisted that as the jury found the issues for the plaintiff and allowed him damages for his loss of profits, some damages ought also to have been allowed him for injury to his goods. Under the instructions, the jury was constrained to allow him damages on the latter account, to the extent only that such damage was the proximate consequence of the operations of defendant's employees. And as there was evidence tending to show that the injury to his goods may have resulted from other causes and was not to any appreciable extent, the direct consequence of those operations, we are concluded by the verdict.

The judgment of the circuit court is affirmed.

All concur, except *Marshall, J.,* absent.