STATE OF MISSOURI ex rel., BOBB, Respondent, v. BERGFELD, Appellant.

St. Louis Court of Appeals, December 13, 1904.

1. **PRACTICE: Variance: Bond.** In an action against the surety on a curator's bond, where the answer alleged that the defalcation of the curator, which formed the basis of the suit, occurred after the life of the bond, and when a subsequent bond was in force, the defendant could not prove that the loss occurred by an improper investment made before he executed the bond.

2. **BOND: Judgment Against Principal: Liability of Surety.** A judgment against a curator in favor of his ward for an amount due the ward, is conclusive upon the surety on the curator's bond, to the amount of the bond, when less than the amount of the judgment.

3. PLEADING: Bond: Indemnity to Surety: Liability. In an action against a surety on a curator's bond, where the answer alleged that the defendant was exonerated .from liability by the acceptance of a new bond and the defalcation thereafter, a reply, alleging that the surety received and collected an indemnity, does not state a new cause of action.

Appeal from St. Louis City Circuit Court.—*Hon. Robert M. Foster*, Judge.

AFFIRMED.

*Rassieur & Buder* for appellant.

(1) When there are several sets of sureties it is necessary to ascertain when the defalcation occurred, for each set of sureties is liable only for the malfeasance which their principal commits during the period they were standing for him. State v. Atherton, 40 Mo. 220; State v. McCormack, 50 Mo. 568; Tittmann v. Green, 108 Mo. 33, 18 S. W. 885; State v. Holman, 93 Mo. App. 617; State v. Paul's Exr., 21 Mo. 51; State v. Branch, 126 Mo. 454, 28 S. W. 739; State v. Elliott, 157 Mo. 609, 57 S. W. 1087; State v. Alsup, 91 Mo. 172, 4 S. W. 31; State v. Finn, 98 Mo. 532, 11 S. W. 994. (2) Plaintiff must recover, if at all, upon the cause of action stated in her petition. She can not bring one cause of action and recover upon another. Wonderly v. Christian, 91 Mo. App. 158; Hill v. Mining Co., 119 Mo. 30, 24 S. W. 223; McMahill v. Jenkins, 69 Mo. App. 279; Stepp v. Livingston, 72 Mo. App. 179; Mortland v. Holton, 44 Mo. 58; Crawford v. Spencer, 36 Mo. App. 78; Mohney v. Reed, 40 Mo. App. 99.

*Kinealy & Kinealy* for plaintiff.

(1) Every allegation in this answer not controverted by the replication is conclusively true as against defendant because it was the answer on which the case was tried. State v. Brooks, 99 Mo. 143, 12 S. W. 633.

Hence it is admitted that the wasting of the assets did not take place before defendant became surety, and that they were then on hand. Evidence showed date of judgment, May 22, 1903. Hence, on day of trial of this case, there were $58 interest due on it, being in all $1,025 and $24.45 costs. Trial, May 19, 1904. This judgment is conclusive against the defendant surety as to the amount due by the guardian to the ward. McFall v. Dempsey, 43 Mo. App. 369; Stoops v. Wittler, 1 Mo. App. 420; State v. Holt, 27 Mo. 340. (2) He is conclusively presumed to have been surety for Charles Bobb as to those assets mentioned in the petition when he signed the bond sued on, by virtue of his admissions on the pleadings. Such being the case, he can not by any testimony he may give on the trial change that position and introduce a new issue, viz.: that the assets of the estate had been wasted by a loan on a second deed of trust made before he became surety, nor can such an issue be imported into the case by any other evidence. Glass v. Galvin, 80 Mo. 302; Wright v. Higgins, 44 Mo. App. 642; Wade v. Hardy, 75 Mo. 399; De Donato v. Morrison, 160 Mo. 591, 61 S. W. 641.

## STATEMENT.

This is an action on a curator's bond against defendant as surety of Charles Bobb, appointed and qualified guardian and curator of relator by the probate court of St. Louis county. The petition averred such appointment August 30, 1890, and that on June 22, 1896, such probate court ordered the above guardian to give a new bond as curator for $2,000 with which order he then complied, appellant becoming a cosurety thereon. The petition further declared that at and after the date of such bond, Bobb as curator had in his possession property of his ward exceeding $1,000 in value and amount, of which that sum remained due to

her. Continuing the petition contained formal allegations respecting decease of the curator, the administration of his estate and the appointment of a succeeding curator, and assigned as breach the failure to account for or turn over the property claimed. The answer contained a plea of discharge of defendant from subsequent liability by a new bond executed February 12, 1900, by the original curator with the American Bonding & Trust Company of Baltimore as surety, and concluded with specific declarations thus recited:

"Defendant further states that immediately prior to the time of his release as such surety and his succession by said American Bonding & Trust Company, there was on hand and in the possession of said Bobb, as appears from the settlement filed by him as such guardian, cash on hand amounting to nine hundred eight and 67-100 dollars ($908.67) one note of Martha E. Bobb, on which there was due a balance of sixty dollars ($60) and certain other goods and chattels, which it is alleged in said petition were delivered to the guardian of said minor.

"This defendant further answering says that the said Charles Bobb died on or about the fifth day of April, 1901, as alleged in the petition, and that the plaintiff herein brought suit against Garrard Strode, public administrator, in charge of the estate of said Charles Bobb, deceased, and the American Bonding & Trust Company of Baltimore City, said suit being brought to the June term, 1902, and being case No. 24699, in Room No. 5, in which said proceeding the said Jessie A. Bobb, by her guardian, secured a judgment against the estate of Charles Bobb, deceased, for the sum of two thousand dollars ($2,000) to be satisfied upon payment of nine hundred sixty-five and 51-100 dollars ($965.51) and costs; that said judgment was thereafter on the fourteenth day of September, 1903, allowed against the estate of said Charles Bobb, de-

ceased, in the sum of $965.51 and costs, in the sum of $24.45, and placed in the fifth class.

"This defendant further answering says that any and all defalcation and squandering of the assets of the said minor's estate took place long after this defendant and said Parker were released from the bond of said guardian . . . and denies every other allegation in said petition contained."

In reply plaintiff admitted the judgment against estate of the deceased curator (suit having been dismissed as to his corporate surety), but made denial of release of defendant or that any of the property alleged to have been wasted was on hand after February 12, 1900, or that any such waste or defalcation ensued after that date, or any settlement made with plaintiff thereafter, averring that the curator had converted to his own use all the property of the minor, prior to above date and closed with the following averments:

"Plaintiff states that at the time defendant signed the bond sued on in this action the said Charles Bobb delivered to defendant a certain note for $1,000 secured by a deed of trust, further description of which is unknown to plaintiff to be retained by him, defendant, until the termination of the guardianship and final settlement of said Charles Bobb; that afterwards defendant caused said deed of trust to be foreclosed and collected on said note by a sale of the property under said foreclosure of said deed of trust the sum of $1,000, which he still retains; that said note and deed of trust was originally delivered to the defendant by said Charles Bobb in order to secure defendant from any loss by reason of having become said surety, and that after defendant collected said sum of $1,000 it was then and there and for a further consideration unknown to plaintiff agreed by and between him and the said Bobb, guardian as aforesaid, that in case any liability was established against said Charles Bobb, as such guardian, the defendant should not claim any immunity

from liability under said bond or any release there-from to the extent of said thousand dollars, but should admit his liability under the same to that extent and pay whatever judgment should be adjudged against him, and plaintiff states that by reason of the facts aforesaid defendant is estopped to claim that he was released from said bond.''

The paragraph quoted in full from the reply was attacked, without avail, by motion to strike out as irrelevant. At trial plaintiff introduced the settlements substantiating that the curator had the property desig-nated after defendant united in the bond as cosurety, and proved admissions of the curator that prior to February 12, 1900, he did not have the money, dying December of that year insolvent. Plaintiff also read the deposition of defendant taken in the action against the American Bonding & Trust Company, in which he testified that when he signed the bond in suit, Charles Bobb, his principal, indemnified him by lodging in his hands a secured note upon which he had realized and then had one thousand dollars. Defendant in turn offered testimony, establishing that anterior to becoming his surety, the curator had invested his ward's funds in a loan secured by a second deed of trust, title to which had subsequently failed. At the termination of the testimony the court, at instance of plaintiff, instructed the jury to find a verdict for the amount the defendant acknowledged to be in his hands as a protection against loss.

REYBURN, J. (after stating the facts).—The points sought to be established on behalf of appellant to warrant reversal are three-fold, embracing first, the insistence that it devolved on plaintiff to demonstrate by proper proof that the default of the curator occurred during the period of the bond executed by defendant and the testimony established that the loss ensued from an investment made prior to the life of the bond in which

defendant had united as surety, and during the term a bond with other surety was in force and after the release of defendant thereby from continuing obligation. The defendant's answer pleaded with precision that at the execution of the new bond February 12, 1900, with the American Bonding & Trust Company as surety, and immediately prior to his discharge as such surety and his succession by such corporation as the curator's surety there was on hand in possession of Bobb, as appeared from his settlements, cash and the property enumerated, with other property, and that all defalcation on the part of the curator and the squandering of the estate of the minor took place long after the discharge of defendant, and while such new bond was operative. The conclusion, therefore, is not only logical but unavoidable on such state of the pleadings, that the assets were not converted or dissipated prior to defendant's suretyship but when his liability attached they were safely in the custody of the curator, and the presumption further follows and must be indulged that his liability as surety comprehended and embraced the amount of such estate of the ward, being the assets specified in the petition. The defendant was concluded by the theory of the pleadings adopted on his part and was precluded from injecting a foreign issue or departing in the proofs tendered from his own answer by testimony that the assets were lost by an improper investment prior to his suretyship. The answer contained no such defense, but on the other hand exhibited a state of facts repugnant to and contradictory of such hypothesis. Glass v. Galvin, 80 Mo. 297; De Donato v. Morrison, 160 Mo. 581, 61 S. W. 641. The answer of defendant also showed that the judgment had against the curator's estate September 14, 1903, for the amount of $965.51 and $24.15 costs exceeded at time of trial herein, May 19, 1904, the amount of recovery limited by the peremptory instruction. For such sum defendant was liable in any event to plaintiff, as the sum to the

extent of which he was indemnified by the principal, and which enured to the benefit of plaintiff as security for the curator's indebtedness to her, as well as for the protection of defendant as his surety. National Bank v. Davis, 87 Mo. App. 242. Nor is appellant's contention tenable that a new ground of action was pleaded in plaintiff's reply. The allegations of the reply responded to the plea that defendant was exonerated from liability by acceptance of a new bond in that he was estopped from denial of such liability by the collection of the assets received by him as indemnity in the sum of $1,000. Proof of such allegations controverted the defense pleaded and was not essential to establish nor inconsistent with the facts charged in the petition.

The defendant by him own solemn admissions was responsible for $1,000, the amount which the court properly directed the jury to find in favor of plaintiff.

The judgment is affirmed. All concur.